UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JERZY MENDELKA, NDV INVESTMENT
COMPANY and J.M. PROPERTY SP. Z.O.O.
SP.K.,

                          Petitioners,                    16-cv-7393 (PKC)

              -against-                         MEMORANDUM
                                                               <u>AND ORDER</u>


PENSON FINANCIAL SERVICES, INC. and
PENSON WORLDWIDE, INC.,

                          Respondents.
----------------------------------------------------------x

CASTEL, U.S.D.J.

          Jerzy Mendelka, NDV Investment Company ("NDV") and J.M. Property SP.

Z.O.O. Sp.K. ("JM") have filed a petition to vacate an arbitration award issued by the Financial

Industry Regulatory Authority ("FINRA").  (Docket # 1.)  Defendants Penson Financial

Services, Inc. and Penson Worldwide, Inc. (collectively, "Penson") oppose the petition, and

move to confirm the Award.  (Docket # 11.)  None of the three petitioners is represented by

counsel, including the two corporate entities.

          For the reasons explained, the petition to vacate the Award is denied and Penson's

motion to confirm the Award is granted.  The two non-natural persons, NDV and JM, may

proceed only by an attorney admitted to practice in this Court.  Because these entities have not

appeared by an attorney, the Petition is dismissed as to them on the additional ground that they

failed to prosecute this action.

                                     Mailed to Jerzy Mendelka 3-31-2017

BACKGROUND.

Certain facts relating to the underlying dispute are described only in Penson's memorandum of law without citation to any evidentiary support.  Penson describes a dispute over events that took place from 2008 to 2011, during which time NDV's securities broker, Roman Sledziejowski of Trade Wall Street ("TWS"), transferred approximately $15 million from NDV's accounts at Penson without NDV's authorization.  (Penson Mem. at 1-2.)  The Petition describes NDV and JM as "Jerzy Mendelka's companies . . . ."  (Pet. ¶ 1.)[1]  Though the description is somewhat vague, it appears to be undisputed that Sledziejowski and TWS transferred the petitioners' funds out of Penson without petitioners' authorization.  (See Penson Mem. at 1-2.)  Petitioners appear to contend that Penson wrongly permitted Sledziejowski and/or TWS to do so.  (Pet. Opp. Mem. ¶¶ 6-8.)

Penson filed for bankruptcy in January 2011.  In re Penson Worldwide, Inc., 13-10061 (LSS) (Del. Bankr.).  JM and NDV filed proofs of claim in bankruptcy proceedings, and after unsuccessful mediation sessions, the bankruptcy court released the parties from the automatic bankruptcy stay in order to adjudicate their dispute through a FINRA arbitration.  (Penson Mem. at 2.)

All three petitioners filed a Statement of Claim with FINRA on January 30, 2013, seeking recovery from Penson for the purportedly unauthorized transfers.  (Hanchet Dec. ¶ 11.)  As summarized in the Award, petitioners brought claims of "respondeat superior, violation of FINRA rules, misrepresentation, fraud, omission of facts, breach of fiduciary duty and negligence."  (Hanchet Dec. Ex. 2 at 2.)

---

[1] Penson's memorandum of law describes Mr. Mendelka as "a wealthy Warsaw-based real estate mogul" who owns multiple businesses incorporated in Poland and elsewhere.  (Penson Mem. at 1.)  The nature and structure of Mr. Mendelka's purported ownership of NDV and JM is described only in conclusory statements.  All three petitioners were parties to the underlying arbitration, however, and Penson does not challenge any petitioner's standing.

The Petition is largely directed to the arbitrators' failure to issue a written explanation of the Award's reasoning.  Under FINRA Rule 12514(d), "[a]t least 20 days before the first scheduled hearing date, all parties must submit to the panel any joint request for an explained decision under Rule 12904(g)."  (Hanchet Dec. Ex. 8.)  FINRA Rule 12904(g), in turn, requires that the "[p]arties must make any request for an explained decision no later than the time for the prehearing exchange of documents and witness lists under Rule 12514(d)."  (Hanchet Dec. Ex. 9.)  The "prehearing exchange" between petitioners and Penson concluded on April 2, 2016, at which time no party requested an explained decision from the arbitrators.  (Hanchet Dec. ¶¶ 17-18.)

The arbitration was conducted before a three-arbitrator panel from April 26 to April 29, 2016.  (Hanchet Dec. ¶ 20.)  After the record was closed, petitioners requested an explained decision from the panel.  (Hanchet Dec. Ex. 1 at 859-60.)  The panel's chair stated that "[n]o one has requested a reasoned answer" and that the time to do so was "at the time of the initial pre-hearing conference."  (Id.)  The panel's chairperson then stated that it could provide a reasoned decision if the parties wished to pay $400, and petitioner Mendelka stated that "[w]e'll pay" for a decision unilaterally.  (Id.)

On June 20, 2016, the panel issued an Award that denied all of petitioners' claims.  (Hanchet Dec. Ex. 2.)  The Award did not include a written explanation of its reasoning. (Id.)  It was five pages in length, not including signature pages.  (Id.)  It recounted the procedural history of the dispute, listed the parties' submissions and summarized the claims and relief requested.  (Id.)  As to the merits, the Award stated as follows:

> After considering the pleadings, the testimony and evidence presented at the hearing, Claimant's post-hearing submission, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimants' claims against Apex are dismissed in their entirety with prejudice.

2. Claimants' claims against Penson are denied in their entirety.

3. Penson's request for attorneys' fees is denied.

4. Any and all relief not specifically addressed herein, including punitive and treble damages, is denied.

(Id.)

On June 21, 2016, Mendelka wrote to FINRA requesting a "reasoned" or "explained" decision.  (Hanchet Dec. Ex. 3.)  FINRA notified Penson of the request, and in a letter of July 25, 2016, Penson opposed it, noting that it was untimely and not jointly requested, as required by FINRA's rules.  (Hanchet Dec. Ex. 4.)  On August 15, 2016, FINRA denied petitioners' request for a written decision, stating in relevant part: "Please be advised that the Panel declined to provide an explained decision in the above referenced matter."  (Hanchet Dec. Ex. 6.)

The petition to vacate was filed on September 22, 2016.  (Docket # 1.)  It was filed pro se and no attorney has appeared on behalf of any petitioner, including the two corporate entities.  The Petition challenges the form of the arbitration Award on several grounds: it was signed by only two of the three arbitrators; it was sent via e-mail and "never served . . . in a written form"; there was no written statement of reason that explained the Award's reasoning; and petitioners never received transcripts of the proceedings.  (Pet. ¶¶ 2, 4, 6.)  Petitioners state that the absence of a written statement of reasons has "restrict[ed] [their] right to a fair trial." (Pet. ¶ 6.)

The Petition also challenges the evidence presented to the arbitrators, including whether TWS and/or Sledziejowski were authorized to act on petitioners' behalf, whether a

- 4 -

document was subject to "manipulation" and whether certain documents should have been credited by the arbitrators. (Pet. ¶¶ 11-23.) The Petition characterizes the Award as "incomprehensible and completely irrational," "contrary to applicable legal provisions" and "a flagrant breach of all applicable rules of law and equity." (Pet. ¶¶ 17, 24.)

THE PETITION IS DENIED AND THE ARBITRATION AWARD IS CONFIRMED.

     A.  <u>Legal Standard.</u>

     "The court's function in confirming or vacating an arbitration award is severely limited." <u>Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.</u>, 103 F.3d 9, 12 (2d Cir. 1997) (quotation marks omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 110 (2d Cir. 2006) (quotation marks omitted). Accordingly, a party seeking "to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." <u>Id.</u>

     The Federal Arbitration Act ("FAA") provides "streamlined treatment" for a party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." <u>Hall St. Assocs., L.L.C. v. Mattel, Inc.</u>, 552 U.S. 576, 582 (2008). Section 10(a) of the FAA "sets forth specific grounds for vacating" an award. <u>Jock v. Sterling Jewelers Inc.</u>, 646 F.3d 113, 121 (2d Cir. 2011). "Because the FAA supports a 'strong presumption in favor of enforcing arbitration awards . . . the policy of the FAA requires that the award be enforced unless one of those grounds is affirmatively shown to exist.'" <u>Id.</u> (quoting <u>Wall St. Assocs., L.P. v. Becker Paribas Inc.</u>, 27 F.3d 845, 849 (2d Cir. 1994)). An award may be vacated when the arbitrators "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10(a)(4). An award may also

be vacated if it was procured by corruption, where "there was evident partiality or corruption" by the arbitrators, or where the arbitrators were guilty of other prejudicial "misbehavior." 9 U.S.C. § 10(a)(1)-(3). As a "judicial gloss" on section 10(a), the Second Circuit recognizes two additional bases for vacatur: where the award shows a "manifest disregard" of the law or of the terms of the parties' agreement. Schwartz v. Merrill Lynch & Co., Inc., 665 F.3d 444, 451-52 (2d Cir. 2011) (citations omitted).

The petitioners, including Mr. Mendelka, are proceeding pro se, and the Court therefore draws every reasonable inference in their favor. The Petition appears to assert that the arbitrator's exceeded their powers by failing to provide a written decision or to issue an Award signed by all three arbitrators. See 9 U.S.C. § 10(a)(4). Separately, because the Petition discusses evidence concerning the authority of Sledziejowski and TWS to transfer funds out of Penson, it is construed to assert that the Award was issued in "manifest disregard" of the law. Schwartz, 665 F.3d at 451-52.

B.  Petitioners Have Not Shown that the Arbitrators Exceeded Their Powers.

"[T]he default rule in an arbitration in which the parties have not requested a specific form of award is that the arbitrator may issue a 'standard' award (also referred to as a 'general,' 'regular,' or 'bare' award) that simply announces the result." Tully Const. Co. v. Canam Steel Corp., 2015 WL 906128, at *13 (S.D.N.Y. Mar. 2, 2015) (Gardephe, J.) (citing Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 844 (11th Cir. 2011)); see also D.H. Blair, 462 F.3d at 110 ("The arbitrator's rationale for an award need not be explained . . . ."). Parties may contract around this default rule to require written findings of fact and conclusions of law. Tully, 2015 WL 906128, at *13.

In this case, FINRA Rule 12514(d) authorizes the parties to request "an explained decision."  The rule specifies that it must be a "joint request."  Rules 12514(d) and 12904(g) provide that the request must be made at least 20 days before the hearing commences.  Further, FINRA Rule 12409 expressly provides that "[t]he panel has the authority to interpret and determine the applicability of all provisions" of the FINRA rules, and that its "interpretations are final and binding upon the parties."  (Hanchet Dec. Ex. 7.)  Rule 12409 places it "clearly within the arbitration panel's scope of authority to decide" the enforcement of FINRA Rules.  Morgan Keegan & Co. v. Garrett, 495 Fed. App'x 443, 449 (5th Cir. 2012) (summary order).

Here, contrary to the procedures set by the FINRA Rules, there was no request for an explained decision until after the close of evidence, and it was not jointly made.  Although the transcript includes comments from the arbitration's chairperson that indicated a willingness to issue an explained decision if petitioners paid the required fee (Tr. at 859-60), the FINRA Rules leave it comfortably within the arbitrators' powers not to do so.  Had the panel issued an explained decision, it would have been acting within its discretion to apply and interpret the FINRA Rules, but the failure to issue an explained decision is not itself an action that exceeded the panel's powers.  FINRA Rule 1409(f) states that "[t]he award may contain a rationale underlying the award," but it does not require one.  (Hanchet Dec. Ex. 9; emphasis added.)  Because petitioners were not entitled to an explained decision, the arbitrators' decision not to issue one does not show that the arbitrators exceeded their powers.

As noted, the Petition claims that the Award failed to abide by other formalities.  It notes that the Award was distributed via e-mail and not "in a written form," that the Award omits the signature of one of the three panel members and that petitioners never received a transcript of the hearings.  (Pet. ¶¶ 2, 4, 6.)  These contentions do not show that the arbitrators

exceeded their powers.  FINRA Rule 12904(c) permits service of an award by "electronic submission," as was done here.  (Hanchet Dec. Ex. 9.)  FINRA Rule 12904(e)(13) requires an award to include "[t]he signatures of the arbitrators" (Hanchet Dec. Ex. 9) but the fact that only two of the three arbitrators' signatures are attached does not show that they exceeded their powers.  Lastly, there is no basis to vacate the award based on the petitioners' failure to receive hearing transcripts.

The Court therefore concludes that the petitioners have not shown that the arbitrators exceeded their powers, as required to vacate the Award pursuant to 9 U.S.C. § 10(a)(4).

C.  Petitioners Have Not Shown that the Award Was Issued in Manifest Disregard of the Law.

Under Second Circuit authority, a "court may set aside an arbitration award if it was rendered in manifest disregard of the law." Schwartz, 665 F.3d at 451 (quotation marks omitted).  This "judicial gloss" is not one of the FAA's enumerated grounds for vacating an arbitration award, but the Second Circuit has maintained that manifest disregard is "a valid ground for vacating arbitration awards" even though "the Supreme Court placed the proper scope of the manifest disregard doctrine into some doubt with its decision in Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008)." Schwartz, 665 F.3d at 451 (quotation marks omitted).

"[T]o apply the manifest disregard standard, the court must 'consider, first, whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable, and, second, whether the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it.'" Id. at 452 (quoting Jock v. Sterling Jewelers Inc., 646 F.3d 113, 121 n.1 (2d Cir. 2011)).  An award cannot

be vacated if "the arbitrator has provided even a barely colorable justification" for his or her conclusions.  Id.  Manifest disregard is "a doctrine of last resort – its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply."  Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004).

Petitioners' opposition memo emphasizes that the Award "was issued in gross breach of law" resulting in "a source of gross injustice towards the injured petitioners."  (Opp. Mem. (Docket # 17) ¶ 1.)  It asserts that no evidence showed that TWS acted as petitioners' broker, notes a witness's limited familiarity "with the Polish real estate market and Polish law," and argues that witness testimony "contributed nothing to the case . . . ."  (Opp. Mem. ¶ 2.)  It points to the absence of signatures on certain documents.  (Opp. Mem. ¶¶ 2-3.)  The Petition raises similar assertions.  (See, e.g., Pet. ¶¶ 11-22.)  It also contends that Penson displayed "gross negligence" in permitting TWS to function as a broker for NDV.  (Pet. ¶ 22.)

Drawing every reasonable inference in favor of the petitioner, these arguments simply seek to have this Court come to a different conclusion based on the same evidence considered by the arbitrators, and go toward the weight of the evidence.  The arbitrators were in the position to assess the credibility of the witnesses.  "[T]he Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award."  Wallace, 378 F.3d at 193 (quotation marks omitted); accord ISMT, Ltd. v. Fremak Indus., Inc., 634 Fed. App'x 332, 333 (2d Cir. 2016) (summary order).

Petitioners have failed to show that the Award was issued in manifest disregard of the law.

THE CLAIMS OF NDV AND JM ARE DISMISSED FOR FAILURE TO PROSECUTE.

The claims of NDV and JM are dismissed on additional grounds because, as non-natural persons, they must appear by an attorney admitted to practice in this Court.  After the Court advised them of the requirement to appear by counsel, they failed to do so.  Their claims therefore are dismissed for failure to prosecute.

As previously noted, none of the three petitioners is represented by counsel.  This action was filed on September 22, 2016.  (Docket # 1.)  On February 7, 2017, the Court issued an Order noting that as non-natural persons, NDV and JM could proceed only through counsel, and directed a notice of appearance to be filed by March 3, 2017.  (Docket # 18.)  The Order stated in all-uppercase, bolded language that the failure to file a notice of appearance would result in the dismissal of this action for failure to prosecute and failure to comply with an Order of the Court. (Docket # 18.)

On March 17, 2017, the Court denied a request filed by Mr. Mendelka for an extension of time to April 30, 2017 for the two entities to retain counsel.  (Docket # 21.)  To date, no notice of appearance has been filed on behalf of NDV or JM.

A corporation or other unincorporated entity may not represent itself pro se.  See generally United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 92 (2d Cir. 2008) ("It is well established that a layman may not represent a corporation even if the sole shareholder."); Souzhou Textiles Imp. & Exp. v. Swell Fashions, Inc., 1997 WL 13224, at *1 (S.D.N.Y. Jan. 15, 1997) ("[T]he right to appear pro se does not apply to corporations, partnerships, or associations. Rather, federal courts require that an attorney appear for corporations in litigation.") (Jones, J.) (internal citations omitted).  As non-natural persons, plaintiffs NDV and JM may not represent

themselves, and the failure to retain counsel merits dismissal for failure to prosecute.  See, e.g.,

Max Impact, LLC v. Sherwood Grp., Inc., 2013 WL 4451301 (S.D.N.Y. Aug. 19, 2013) (Koeltl,

J., adopting Report & Recommendation) (collecting cases).

       The claims of NDV and JM are dismissed under Rule 41(b), Fed. R. Civ. P., for

failure to prosecute.  To determine whether dismissal is warranted for a plaintiff's failure to

prosecute, courts consider five principal factors:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had
> received notice that further delays would result in dismissal, (3)
> whether the defendant is likely to be prejudiced by further delay, (4)
> whether [the need to alleviate] court calendar congestion [outweighs
> the need to] protect[ ] a party's right to due process and a fair chance
> to be heard, and (5) . . . the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999) (quotation marks omitted).

       This action was filed in September 2016, and the Court advised NDV and JM of

their obligations to appear through counsel on February 7, 2017.  While the duration since the

Order of February 7 is not particularly lengthy, the failure to appear by counsel obstructs all

progress in this case as it applies to NDV and JM.  The Order of February 7 expressly advised

NDV and JM that the failure to retain counsel would result in dismissal for failure to prosecute,

and the fact that no appearance by counsel has since been made supports the conclusion that no

lesser sanction would be efficacious.  Penson would be prejudiced by further and indefinite delay

of this action.  While the calendar congestion caused by this case is limited, it is also the case

that NDV and JM were afforded the time to retain counsel and to be further heard, and that they

declined to do so.

       Pursuant to Rule 41(b), the claims of NDV and JM are alternatively dismissed for

failure to prosecute.

THE ARBITRATION AWARD IS CONFIRMED.

"Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." Hall Street, 552 U.S. at 582. Because the petition to vacate the Award is denied, Penson's motion to confirm the Award is granted.

CONCLUSION.

The petition to vacate the Award is DENIED and the respondents' motion to confirm the Award is GRANTED.  The claims of NDV and JM are also dismissed on the alternative grounds of a failure to prosecute.  The Clerk is directed to terminate the motion (Docket # 11), enter judgment for the respondents and to close this case.

Respondents are directed to transmit all unpublished decisions cited in this Memorandum and Order to petitioner Mendelka.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        March 31, 2017